We have two motions scheduled for argument before our regular day calendar this morning. I believe that counsel is present in the second of those motions, so we'll begin with Cruz v. Hallenbeck, No. 18-1662. Good morning, Your Honors. May it please the Court, my name is Stephen Berko and I represent Petitioner Julio Cruz on behalf of the Legal Aid Society. At the outset, I would like to grant an oral argument on Petitioner's application for a Certificate of Appealability. Your Honors, Petitioner seeks a COA on two questions, procedural and substantive, in the context of his Sixth Amendment claim that he lost his right to a public trial when the trial judge had the courtroom sealed pursuant to an unnoticed hint in hearing. The procedural question here turns on whether a criminal defendant may waive his right to a public trial. Thirty-eight years ago, the Supreme Court in Richmond Newspapers determined that a criminal defendant did not have a right to a private trial. Accordingly, the Court, non pro tonque, vacated a closure order that a Virginia trial court had issued at the request of a murdered defendant facing his fourth trial. Because a defendant must have a public trial, it follows that his Sixth Amendment right to a public trial is non-waivable. Parenthetically, I would note that in the five years this litigation has been pending, the State has never addressed the applicability of Richmond Newspapers to Petitioner's public trial claim. Am I right, though, that there was no contemporaneous objection made by the defendant and that these were State court proceedings in which the New York law requires a contemporaneous objection in order to sustain that kind of, this kind of challenge? Is that right? That's, I would say, partially right, Your Honor, in the sense that there was no contemporaneous objection, but the New York law is faulty, as is Downs v. Lape, and I try and make that point in my papers. Downs v. Lape and Alvarez, a New York case, never did waiver analysis. So there's no logic to say that a defendant who cannot ask a judge for a private trial may nevertheless forfeit that right by virtue of his lawyer's non-objection. He is trying to object to assert the public's right to the trial because he was present, right, and this had to do with a confidential informant who was continuing to participate in those kind of police assistive activities. He was present, but that part, that's correct. He was present, certainly, but the public was excluded, and that's a matter of record. There was a courtroom officer posted outside the courtroom, and nobody came in. This was to protect the informant. Essentially, it was to protect the informant, but my point is, is that the entire Hinton hearing was a secret hearing because no prior notice had been given to the public. As Judge Newman, I'm sure, well remembers, because he authored the opinion in In Re The Herald, this circuit requires notice and an opportunity to be heard prior to the closure of a courtroom. In fact, it was... That was a newspaper's application. That was a newspaper's application, but that case was based upon Richmond Newspapers, and the fault in Richmond Newspapers, if you look at footnote four of the court's opinion there, was lack of notice and an opportunity to be heard. That was a procedural flaw in the case. The court vacated the order in that case, and what our point is, my point is, is that you cannot then close a courtroom based upon a null order. If the order is invalid as to the public, then it certainly, it cannot be upheld as to the defendant where nobody has come into the courtroom. So on your theory, every time a state judge closes a courtroom to protect the identity of an informant, if the defendant is smart enough not to object, he gets a new trial ten years later? Well, what I would say, Judge, I would rephrase that and say every time the state wants to close a courtroom, as it's required in this circuit, they must post a notice, they must dock it in notice, and then there will be no objection, because then the public and the state can come in. Why doesn't he have a cause and prejudice obstacle when he comes into federal court to challenge a state court conviction? Your Honor, I believe that's in the context of a lawyer's failure to make the, a lawyer's ineffectiveness claim, which is not present. The only error subject to cause and prejudice? No, not the only error, but in this context, a public trial wrong is not subject to harmless error analysis. I'm not saying it's harmless. The usual rule in habeas is you've got to show cause and prejudice if you don't alert the trial judge that you've got a problem, so that we don't tell the state to retry ten-year-old cases. Well, here I would say that the default shouldn't be applied, because there's no, there's no requirement to waive the right, and under this Court's prior decision in Suggs v. Lavalle, a right that's non-waivable, where a judge has a positive obligation to protect the right, is not forfeited by a lawyer's lack of objection. Is it sufficient to let the press look out for the press's own rights? Because the press would have absolutely no idea that the courtroom was closed if they, in fact, they weren't given notice. Your Honor, at this juncture, I would just, I would like to remind the Court that this application is for a COA, and I think I've demonstrated that jurors of reason can disagree, at the very least, jurors of reason can disagree on this matter, and that it's worthy of review by a panel of this Court. Thank you. We'll hear from the State now. Thank you. Good morning. Margaret Cipres on behalf of the Respondent. The District Court, in this case, correctly relied upon Downs v. Lape that addressed this very issue in this case, regarding whether or not preservation must be required for a public trial claim. The District Court correctly held that this is something that's firmly rooted in New York law. New York law in People v. Alvarez has directly rejected the claim that Petitioner is attempting to make here, that the failure to, the closure of a courtroom is a mode of proceeding error that does not need to be preserved by an objection, a specific objection. And this, the Downs v. Lape is controlling and relied upon firmly established New York law requiring that preservation be made. Petitioner asks this Court to find that Downs v. Lape was wrongly decided and provides no real reason in the paper, in his papers for that. While Richmond newspapers certainly held that, vacated the order in that particular case, Richmond newspapers did not address the issue of whether or not a criminal defendant must preserve, specifically preserve his claim of public trial denial. And a decision, as the District Court ruled, a decision of a panel cannot be ignored unless the Court addresses, this Court addresses it en banc or the Supreme Court overrules it. So Petitioner has provided no reason why Downs v. Lape should be completely disregarded in this case. He also, Petitioner also relies upon this Court's, I believe, 1977 decision in Suggs. But Suggs was a completely different set of fact pattern. In that particular case, this Court held that there's no need for preservation of the petitioner's claim that his plea was not voluntary. And in that case, the trial court had every reason to believe that his plea was not voluntary because the petitioner, Mr. Suggs, gave very bizarre answers during the plea colloquy. And nonetheless, the Court accepted the plea. And this Court said that there was no preservation that was required. But there would be no preservation required in any case in that case, and this Circuit approves the People v. Lopez line of state court cases, finding that no preservation is required in those cases in a situation where a petitioner, where the trial court has reason to believe that the plea is not knowing involuntary. So the fact that Suggs really does not stand for the proposition the petitioner is saying in this case. And so there's no real reason to ignore controlling law that's definitely directly on point in looking to a 1978 case that has no relation to this case. I gather you would say that nothing has changed since those decisions that would suggest that even at the lower level of a certificate of appealability, we should invite further appellate review. That's correct. New York state law is still firmly established. Alvarez was a 2012 decision. There was a 2018 decision in People v. Roberts that also said that preservation of a public trial claim is required. Do the New York courts customarily put on the docket the fact of closure? Your Honor, I don't know if New York courts do put it on the docket, but I know that in this particular case there was an announcement in open court at least three times that the Hinton hearing would have been held. And I believe that was twice during voir dire, and I believe that was also right before the undercover officer was to testify at trial. So anyone who may have been interested in that issue and wanting to make a claim that their First Amendment right to access was denied would have been in a position to address that claim and to make an objection. And certainly in this case, Petitioner made his objections to closure. The court held the Hinton hearing and fully addressed the issues and addressed the four Waller factors and found that the state had a compelling interest in closing the court during that particular undercover officer's testimony. So Petitioner is not arguing that there was any unconstitutionality in the court's order. And the public does not have a greater right than Petitioner rights. The test under Waller is the same. The test, of course, came from Press Enterprise. So the test, the court did what it needed to do constitutionally to ensure that Petitioner's public trial right was ensured. So in addition, although the district court did not need to address it, but Petitioner lacks standing in this case as more fully said. Thank you. I think we have the arguments. We'll reserve decision.